The document below is hereby signed.

Signed: August 27, 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ANDRENA D. CROCKETT, | ) | Case No. 19-00101 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ANDRENA D. CROCKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 19-10030 |
| NATIONSTAR MORTGAGE, LLC, | ) | |
| dba MR. COOPER, | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendant. | ) | |

MEMORANDUM DECISION AND ORDER DENYING MOTION
TO RECONSIDER JUDGMENT DISMISSING ADVERSARY PROCEEDING

This supplements my oral decision at the hearing of August 27, 2020, on *Plaintiff's Motion for Relief from Order Dismissing the Adversary Proceeding* (Dkt. No. 23). On January 27, 2020, the court entered a *Memorandum Decision and Order re Motion to Dismiss* (Dkt. No. 11) dismissing the claims of the plaintiff, Andrena D. Crockett, but with leave to amend certain claims within 21 days. Crockett failed timely to file an amended

complaint as to those claims, and they remained dismissed, albeit not via a judgment set forth on a document separate from the *Memorandum Decision and Order re Motion to Dismiss*. Accordingly, on Friday, March 13, 2020, on my own initiative, I signed a *Judgment Dismissing Adversary Proceeding*, to reflect, in a separate document as required by Fed. R. Civ. P. 58(a) made applicable by Fed. R. Bankr. P. 7058, that the adversary proceeding was dismissed. On Monday, March 16, 2020, the Clerk entered that *Judgment* (as Dkt. No. 21).[1] On March 30, 2020, Crockett filed *Plaintiff's Motion for Relief from Order Dismissing the Adversary Proceeding* (Dkt. No. 23). The *Motion for Relief* is a timely motion under Fed. R. Bankr. P. 9023 (incorporating in relevant part Fed. R. Civ. 59), and I will treat it as a motion under Fed. R. Civ. P. 59(e) to alter or amend the *Judgment Dismissing Adversary Proceeding*. However, the *Motion for Relief* fails to show any basis for setting aside the *Judgment Dismissing Adversary Proceeding*.

Under Rule 59(e), a court may reconsider a final order if the "court finds that there is an intervening change of controlling law, the availability of new evidence, or to correct

---

[1] On March 2, 2020, the defendant, Nationstar Mortgage, LLC ("Nationstar") filed a *Motion to Dismiss* (Dkt. No. 18), noting that Crockett had not timely amended her complaint and that the adversary proceeding ought to be dismissed. However, I did not view the pendency of that *Motion to Dismiss* as requiring me to wait until Crockett could respond to the *Motion to Dismiss* before I dismissed the adversary proceeding on my own initiative.

a clear legal error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Such motions "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).

Under those standards, the *Motion for Relief* must be denied. First, there has been no intervening change in the law that would justify Rule 59(e) relief.

Second, the *Motion for Relief* does not contend that new evidence is available (or in the context of the procedural history of this adversary proceeding, that facts not previously pled exist that could be pled to state a claim upon which relief could be granted). In that regard, the *Memorandum Decision and Order re Motion to Dismiss* gave Crockett the opportunity to amend her complaint by February 18, 2020.[2] After missing the deadline for filing an amended complaint, the debtor could have filed a motion for leave to file an amended complaint out of time, appending thereto, as required by LBR 7015-1 and District Court Local Civil Rule 15.1, an original of the proposed amended complaint. She failed to do so. Moreover, at the hearing of August 27, 2020, and in her *Motion for Relief*, the debtor has

---

[2] Monday, February 17, 2020, was a federal holiday, and under Fed. R. Bankr. P. 9006 that made Tuesday, February 18, 2020, the deadline.

failed to set forth any facts, of a non-conclusory nature, that she could plead in an amended complaint that would suffice to state a claim upon which relief can be granted.

The *Motion for Relief* (at 10-11) filed on March 30, 2020, states:

> The events leading up to and following the Convid-19 pandemic have been extremely disruptive. Accordingly, for the reasons set forth herein, the Plaintiff respectfully requests extension of time to submit an amended Complaint on all claims and reverse granting the Judgment's dismissing the Adversary Proceeding.

Earlier, the *Motion for Relief* alleges (at 3):

> The January 27, 2020 Memorandum Decision and Order Re Motion to Dismiss allowed Debtor 21 days to amend Claims II and Claim X only. With health issues needing attending and the events leading to the Convid-19 pandemic following, this period also prevented debtor from responding in a timely manner which she usually does.

However, Crockett has had more than adequate opportunity to demonstrate to the court that she could amend her complaint to state a claim upon which relief can be granted.

Crockett should have been aware by early February 2020 (long before the filing of her *Motion for Relief* on March 30, 2020) of her need to file an amended complaint, or at least to suggest how she could amend the complaint to state a valid claim:

- The *Memorandum Decision and Order re Motion to Dismiss* (Dkt. No. 11) entered on January 27, 2020, gave Crockett 21 days (until February 18, 2020) to file an amended complaint. The Clerk mailed a copy of the

4

*Memorandum Decision and Order re Motion to Dismiss* to Crockett on January 27, 2020, as reflected by Dkt. No. 13. In addition, on January 29, 2020, the Bankruptcy Noticing Center sent a copy to Crockett at her e-mail address, as reflected by Dkt. No. 15.[3]

- Finally, a scheduling conference and a hearing on Nationstar's motion to dismiss had been set for January 28, 2020, but on January 27, 2020, the court entered an *Order Canceling Hearing on Motion to Dismiss and Continuing Scheduling Conference* (Dkt. No. 12), reciting that the court had ruled on Nationstar's motion to dismiss, canceling the hearing on the motion to dismiss, and continuing the scheduling conference to March 17, 2020. The Clerk mailed that order to Crockett on the date of its entry (see Dkt. No. 13) and the Bankruptcy Noticing Center e-mailed Crockett a copy two days later (see Dkt. No. 16). Crockett was at the prior hearing of January 20, 2020, at which the scheduling conference was continued to January 28, 2020, and at which the court indicated that the motion to dismiss would be heard on the same date, January 28,

---

[3] In the main bankruptcy case, Case No. 19-00019, at Dkt. No. 13, Crockett signed up on February 15, 2019, for electronic receipt of court orders in that case and within adversary proceedings within that case.

>          2020. She was necessarily aware that something had
>          been entered on the docket causing the January 28,
>          2020, hearing not to be held.

Now, in August 2020, six months after she should have been aware that the adversary proceeding would be dismissed unless a proper amended complaint were filed, Crockett has not demonstrated that she could file an amended complaint stating a claim upon which relief can be grated.

Crockett asserts in two filings of March 13, 2020 (Dkt. Nos. 19 and 20), that she did not receive the *Memorandum Decision and Order* of January 27, 2020. Even if that were the case, Crockett conceded in those same two filings that she became aware of the *Memorandum Decision and Order* when she received a *Motion to Dismiss* (Dkt. No. 18) mailed to her by Nationstar's counsel on March 2, 2020, in which Nationstar noted her failure timely to amend her complaint.[4] Now, in August 2020, five months later, Crockett has still not filed a proposed amended complaint or articulated how she could amend the complaint to cure the failure of her original complaint to state a claim upon which relief can

---

[4] In her two filings of March 13, 2020 (Dkt. Nos. 19 and 20), Crockett asked to have until March 31, 2020, to respond to Nationstar's *Motion to Dismiss* of March 2, 2020, and to file a motion to reconsider the *Memorandum Decision and Order* of January 27, 2020. However, on March 13, 2020 (being unaware of Crockett's filings of that date), I signed the order dismissing the adversary proceeding on my own initiative, and the order was entered on Monday, March 16, 2020.

6

be granted.

On March 30, 2020, Crockett filed her *Motion for Relief*, seeking to have the *Judgment* vacated and including the request for additional time to file an amended complaint, but not appending a proposed amended complaint or suggesting how she could amend her complaint to cure the defects of the original complaint. Even now, after the passage of more than four months since Crockett filed her *Motion for Relief*, Crockett has not filed a copy of any proposed amended complaint she would file if the *Judgment* were vacated and she were granted leave to file an amended complaint. In her *Motion for Relief* and in her arguments at the hearing on the *Motion for Relief* on August 27, 2020, Crockett has failed to point to any facts, of a non-conclusory nature, that she could plead demonstrating that the complaint could be amended to state a claim upon which relief can be granted if the *Judgment* were vacated. In short, Crockett has not shown that facts not previously pled could be pled that would enable her to file an amended complaint that would state a claim

upon which relief can be granted.[5]

Third, the *Motion for Relief* simply disagrees with the conclusions of the *Memorandum Decision and Order re Motion to Dismiss*, without showing any clear legal error in the court's conclusion that the complaint failed to state a claim upon which relief can be granted.

Finally, the *Motion for Relief* fails to show that relief from the *Judgment* is necessary to prevent manifest injustice.

Accordingly, it is

ORDERED that *Plaintiff's Motion for Relief from Order Dismissing the Adversary Proceeding* (Dkt. No. 23) is DENIED. It is further

ORDERED that this is a final and appealable order.

[Signed and dated above.]

Copies to: All counsel of record (with the Clerk to hand-mail a copy to Andrena Crockett).

---

[5] In her reply (Dkt. No. 29) to the objection to her *Motion for Relief* and at the hearing of August 27, 2020, Crockett noted events occurring *after* entry of the *Judgment* dismissing the adversary proceeding. The denial of the *Motion for Relief* does not bar Crockett from suing on events occurring after the entry of the *Judgment.* Indeed, the date of the filing of the complaint was the cut-off date for the scope of the claims in this adversary proceeding unless Crockett had obtained leave to file a supplemental complaint regarding claims based on events occurring after the filing of the complaint. As to any claims based on events occurring after the filing of the complaint, Crockett's failure to file a motion for leave to file a supplemental complaint does not bar her from pursuing such claims. See *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1464 (2d Cir. 1996).